UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BENNITO RODRIGUEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:22-cv-00451-JPH-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Bennito Rodriguez seeks a writ of habeas corpus under 28 U.S.C. § 2241. He challenges a prison disciplinary proceeding, Incident Report No. 3594993, in which he was found guilty of assaulting another inmate and sanctioned with a 27-day loss of credit time. For the reasons explained below, the disciplinary proceeding did not violate Mr. Rodriguez's due process rights, and his habeas petition is **DENIED**, and the **clerk is directed to enter final judgment**.

### A. Overview

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a

written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (same for federal inmates).

### B.  The Disciplinary Proceeding

Mr. Rodriguez is a federal inmate currently incarcerated at the United States Penitentiary located in Terre Haute, Indiana (USP – Terre Haute). The events surrounding his Petition occurred while he was housed at the Federal Correctional Institution in Lisbon, Ohio (FCI – Elkton).

On December 24, 2021, Mr. Rodriguez was involved in an assault on another inmate. Dkt. 12 at 3 (Declaration of Discipline Hearing Officer ("DHO") Steven Grimm). On February 11, 2022, Mr. Rodriguez was given written notice of the charge against him, specifically Prohibited Act Code 224, Assaulting w/o Serious Injury. *Id.*

A hearing was held on February 15, 2022. *Id.* at 13. Mr. Rodriguez stated he had received a copy of the incident report prior to the hearing. *Id.* He was also informed of his right to have a staff representative and waived that right. *Id.* Mr. Rodriguez's due process rights were read to him at the time of the hearing. *Id.* He was present for the hearing and stated, "I was in there[,] but I was not involved." *Id.* The statement was included in the DHO report and was considered by the DHO in his final determination. *Id.* at 3, 13.

A Special Investigative Services ("SIS") investigation into the matter concluded that the victim had been assaulted inside his cell by Mr. Rodriguez

and other inmates, who used a cane and their fists to strike the victim. *Id.* at 3. Camera footage showed Mr. Rodriguez and the other inmates entering the victim's cell and attacking him. *Id.* Bruises on the victim were consistent with being beaten, and abrasions to Mr. Rodriguez's knuckles and bruises on his bicep, abdomen, and inner right arm were consistent with a violent confrontation. *Id.*

Based on the statements made at the hearing, the camera footage, and the medical evidence, DHO Grimm concluded that Mr. Rodriguez committed the Prohibited Act Code 224. *Id.* at 3, 13–16 (Attachment 3, DHO Report). On February 23, 2022, Mr. Rodriguez received a copy of the DHO Report. *Id.* at 3.

### C.    Analysis

Mr. Rodriguez contends that there was no evidence to support his guilt. *See* dkt. 1 at 2 ("Central Office has failed to respond to my appeal because they can find no evidence of Defendant Rodriguez's guilt. In their failure to respond they . . . have thereby violated my due process rights . . . .").

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some

3

evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the hearing officer.").

As stated above, an SIS investigation concluded that Mr. Rodriguez participated in the assault of another inmate while inside that inmate's cell. Camera footage of the incident showed Mr. Rodriguez entering the cell and attacking the victim, and the abrasions and bruises on Mr. Rodriguez's body were consistent with a violent confrontation. Moreover, DHO Grimm's report and affidavit specify that he relied on all this evidence to conclude that Mr. Rodriguez had participated in the assault. *Id.* at 3, 13-16. Accordingly, the Court finds that disciplinary conviction is supported by "some evidence," as is required. *See Jones*, 637 F.3d at 849 ("The 'some evidence' standard is a meager threshold." (cleaned up)).

Because there is evidence in the record that supports the hearing officer's conclusion, Mr. Rodriguez cannot show that the evidence was insufficient. *See Eichwedel*, 696 F.3d at 675 ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board."). Therefore, his claim fails.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Rodriguez to the

4

5

relief he seeks. Accordingly, Mr. Rodriguez's petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED.** His motions for status, dkt. [17] and [18], are **GRANTED** to the extent that his order rules on the merits of his petition. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 3/4/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

BENNITO RODRIGUEZ
15106028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808